UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS TURNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WEST COUNTY DETENTION FACILITY, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-03396 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, who is currently confined at the West County Detention Facility ("WCDF") in Contra Costa County, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against WCDF and an unidentified WCDF deputy. Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.**　**Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.    **Plaintiff's Claims**

Plaintiff claims that on July 10, 2021, he was assaulted by a deputy at WCDF. Dkt. No. 1-1 at 1. Plaintiff claims while in his cell, he made a request for assistance from the deputy which lead to a hostile exchange of words. *Id.* The deputy then entered Plaintiff's cell, ordered him to lie down on his stomach, and then kicked Plaintiff in the mouth, resulting in a busted lip and several broken teeth. *Id.* Plaintiff claims that the deputy then searched his cell for contraband and found none. *Id.* at 2. Other than bringing him a cup of water for his injuries, the deputy refused to get Plaintiff medical or dental treatment. *Id.* Plaintiff seeks a settlement for monetary damages. *Id.* at 3.

Liberally construed, Plaintiff's allegations indicate that he may have cognizable claims for excessive force and inadequate medical treatment. However, his allegations are insufficient to move forward with these claims because he must explain his custody status at the time of the incident, *i.e.*, whether he was a pre- or post- arraignment pretrial detainee or a convicted prisoner, which is necessary to determine whether his claims sound under the Eighth Amendment or the Fourteenth Amendment. *See e.g., Helling v. McKinney*, 509 U.S. 25, 31 (1993) (treatment convicted prisoner receives in prison and conditions under which he is confined subject to scrutiny under the Eighth Amendment); *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)) (Due Process Clause of Fourteenth Amendment protects post-arraignment pretrial

2

detainee from use of excessive force that amounts to punishment); *cf. Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir. 1996) (4th Amendment reasonableness standard applies to allegations of use of excessive force against pre-arraignment detainee).

Furthermore, Plaintiff has failed to provide the name of the deputy responsible for his injuries. That information is necessary for this matter to be served on the proper defendant. The Court notes Plaintiff refers to an appeal that was filed at the third level which was answered by "Sgt. Cogo & Lawson" regarding this matter. Dkt. No. 1 at 2. Plaintiff may look to the copy of that appeal to see whether the identify of the deputy can be ascertained or seek that information from those individuals.

Lastly, Plaintiff also names the WCDF as a defendant but makes no specific allegations against this entity. Dkt. No. 1 at 2. If Plaintiff is attempting to hold WCDF, or Contra Costa County, responsible for the deputy's actions, he must state sufficient facts to establish liability. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978);[1] however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995).

To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional

---

[1] Local governing bodies therefore may be sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of federal rights. *See Monell*, 436 U.S. at 690. They are absolutely immune from liability for punitive damages under § 1983, however. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted); *see Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Thus, liability based on a municipal policy may be satisfied in three ways:

(1) by alleging and showing that a city or county employee committed the alleged constitutional violation under a formal governmental policy or longstanding practice or custom that is the customary operating procedure of the local government entity,

(2) by establishing that the individual who committed the constitutional tort was an official with final policymaking authority and that the challenged action itself was an act of official governmental policy which was the result of a deliberate choice made from among various alternatives, or

(3) by proving that an official with final policymaking authority either delegated policymaking authority to a subordinate or ratified a subordinate's unconstitutional decision or action and the basis for it. *See Fuller*, 47 F.3d at 1534; *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

Generally, "a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). If a plaintiff does not have an argument that the "policies themselves were unconstitutional," the plaintiff must "produce evidence creating a triable issue of fact regarding the existence of an unconstitutional practice or custom." *Gordon v. Orange County*, 6 F.4th 961, 974 (9th Cir. 2021) (no custom or practice was shown where the record lacks evidence of any other event involving similar conduct or constitutional violations)

Plaintiff may attempt to state a *Monell* claim in an amended complaint if he can, in

good faith, state sufficient facts in support; conclusory and speculative allegations will not be sufficient.

Plaintiff shall be granted leave to file an amended complaint that corrects the deficiencies discussed above.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 22-cv-03396 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action for failure to state a claim for relief, without further notice to Plaintiff.**

**IT IS SO ORDERED.**

Dated: ___November 8, 2022___

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.22\03396Turner_dwlta